**United States District Court**
**Northern District of Texas**
**Dallas Division**

| | | |
|---|---|---|
| **JOSHUA SHROPA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **DRINK LMNT, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. § 1332, Defendant Drink LMNT, Inc. ("Drink LMNT" or "Defendant"), Defendant in Cause No. DC-25-19837 pending in the 116th Judicial District Court, Dallas County, Texas, styled *Joshua Shropa v. Drink LMNT, Inc.* (the "State Court Action"), hereby removes the entire State Court Action to the United States District Court for the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1441. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. In support thereof, Defendant Drink LMNT states as follows:

## BACKGROUND

1.      On October 20, 2025, Plaintiff Joshua Shropa ("Plaintiff") filed his Original Petition against Defendant in the State Court Action seeking nonmonetary relief and a declaratory judgment.

**DEFENDANT'S NOTICE OF REMOVAL**                                                          **PAGE 1**

2.      On November 4, 2025, Defendant filed a Motion to Temporarily and Permanently Seal. Defendant cancelled the hearing set on the matter, and it has not been rescheduled to be heard by the court.

3.      On November 17, 2025, Defendant filed its Original Answer to Plaintiff's Original Petition. Defendant asserted a general denial pursuant to Texas Rules of Civil Procedure.

4.      A copy of the Original Petition, the Original Answer, Defendant's Motion to Temporarily and Permanently Seal, Notice of Cancellation of Hearing for Motion to Seal, and the complete file of the action filed in the State Court Action is attached hereto. Defendant is unaware of the existence of any process, pleadings, or orders other than the documents included in the attached. There are no motions or hearings pending before the 116th Judicial Court, Dallas County in the State Court Action.

**DEFENDANT'S NOTICE OF REMOVAL IS TIMELY**

5.      Defendant files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441(a). Furthermore, 28 U.S.C. § 1446(b) provides that notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading." 28 U.S.C. § 1446(b).

6.      Plaintiff filed its Original Petition seeking a declaratory judgment on October 20, 2025.

7.      Defendant Drink LMNT waived citation and was effectively served

through its counsel, Jay M. Wallace, on October 24, 2025.

8. This Notice of Removal is therefore timely under 28 U.S.C. § 1446 because it is filed within thirty days of Defendant's receipt of the Original Petition and within one year of the State Court Action being commenced.

9. No previous request has been made for the relief requested in this Notice.

## DIVERSITY JURISDICTION EXISTS

10. This Court has jurisdiction over this action because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1132.

11. A civil action initially filed in a state court is removable if the action is one which "the district courts of the United States have original jurisdiction…." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different States…." 28 U.S.C. § 1332(a)(1).

12. "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." 28 U.S.C. § 1332(c)(1).

13. Plaintiff is an individual residing in Dallas County, Texas.

14. Defendant Drink LMNT, Inc. is a Delaware corporation with its principal office at 1716 W Babcock St, Bozeman, Montana 59715.

15. There is complete diversity between the parties, because the Defendant

does not share the same state citizenship as the Plaintiff.

16.     To show that all the requirements for diversity jurisdiction are met, a removing party must demonstrate that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1132(a); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The amount in controversy is ordinarily established on the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Garcia*, 351 F.3d at 638 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

17.     However, in "actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). This is because the "amount in controversy is 'not proof of the amount the plaintiff will recover' but 'an estimate of the amount that will be put at issue in the course of the litigation.' … The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Trust Co.*, 37 F.4th 1053, 1057 (5th Cir. 2022); *Garcia*, 351 F.3d at 640 n.4; *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2022); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir. 1998).

18.     The Defendant may assert the amount in controversy for the first time in this Notice because the State Court Action is for a declaratory judgment and seeks nonmonetary relief. 28 U.S.C. § 1446(c)(2)(B).

19.     Plaintiff seeks a determination of the value of his vested and unvested

restrictive stock units pursuant to the Company Stock Agreement, Restricted Stock Award Agreement, and Amendment. There is a repurchase floor of Plaintiff's vested shares that exceeds $1.7 million. Accordingly, the amount in controversy underlying the declaratory judgment action clearly exceeds the $75,000.00 requirement in 28 U.S.C. § 1332(a).

## REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER

20.    Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division because the 116th Judicial District Court, Dallas County, Texas is within the Northern District of Texas, Dallas Division. 28 U.S.C. § 1441(a).

## ATTACHMENTS AND STATE COURT NOTICE

21.    As required by 28 U.S.C. § 1446(a) and Local Rule 81.1(a), Defendant attaches the following to this Notice of Removal:

(1)    a completed civil cover sheet (**Exhibit A**);

(2)    a supplemental civil cover sheet (**Exhibit B**); and

(3)    a notice of removal (**Exhibit C**) with a copy of each of the following attached to both the original and the judge's copy—

a. an index of all documents that clearly identifies each document and indicates the date the document was filed in state court (**Exhibit D**);

b. a copy of the docket sheet in the State Court Action (**Exhibit E**);

    c. each document filed in the State Court Action, except discovery material (**Exhibit F**); and

    d. a separately signed certificate of interested persons that complies with Local Rule 3.1(c) or 3.2(e) (**Exhibit G**).

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff's counsel and the Clerk of the 116th Judicial District Court, Dallas County, Texas.

23. Defendant hereby reserves its right to assert any and all defenses to Plaintiff's Original Petition and accordingly amend its Original Answer

24. Defendant reserves the right to amend or supplement this Notice of Removal.

## **PRAYER**

WHEREFORE, Defendant asks that this State Court Action be Removed to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1332, and placed on the jury docket.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Jay M. Wallace*
  Jay M. Wallace
  State Bar No. 20769200
  jwallace@bellnunnally.com
  Sydnie A. Shimkus
  State Bar No. 24093783
  sshimkus@bellnunnally.com
  Brandon N. Stephens
  State Bar No. 24132005
  bstephens@bellnunnally.com
  Giuliana Hays-Angelelli
  State Bar. No. 24149063
  ghays-angelelli@bellnunnally.com

  2323 Ross Avenue, Suite 1900
  Dallas, TX 75201
  (214) 740-1400 – Telephone
  (214) 740-1499 – Facsimile

  **ATTORNEYS FOR DEFENDANT**
  **DRINK LMNT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF service.

         */s/ Jay M. Wallace*
         Jay M. Wallace