EXHIBIT C

# AMENDMENT
# TO RESTRICTED STOCK AWARD AGREEMENT
## SUMMARY

This Amendment outlines the implementation of company-wide updates impacting your previously signed Restricted Stock Award Agreement(s), specifically regarding payment consideration for equity upon Separation.

| **Key Terms** | **Term+Description** |
|---|---|
| **Payment Consideration for Equity upon Separation** | *The updated guidelines for payment consideration for your Shares upon separation of employment include:*<br><br>1. *In all cases, unvested Shares will be repurchased by LMNT at the original purchase price of $0.00 per share.*<br>2. *If separation for Cause, your Shares (whether vested or unvested) may be repurchased by LMNT at the original purchase price of $0.00 per share.*<br>3. *At LMNT's sole discretion, LMNT may elect to repurchase all of your vested Shares at any time after the date of your termination at a price for the Shares as determined in good faith by LMNT.*<br>4. *LMNT, at its sole discretion, may condition such repurchase of vested shares (other than due to separation for Cause) upon you entering into a Separation Agreement (if applicable) with LMNT covering, among other things, providing a release to LMNT and agreeing to certain restrictive covenants.*<br>5. *In the event of an actual or threatened violation by you of any material agreement between you and the Company, including, but not limited to, a Confidential Information, Invention Assignment and Non-Solicitation and Non-Hire Agreement, or a Non-Competition Agreement, LMNT may elect to repurchase all or a portion of your vested shares at the original purchase price of $0.00 per share.* |
| **Vested Shares Repurchase Floor** | *In recognition of your tenure at and contributions to the business, and to provide comfort to you, LMNT has agreed that the repurchase of your Vested Shares across all previously signed Restricted Stock Award Agreements (including the Vested Shares covered by this Amendment) will be for a total aggregate amount of not less than $*1,749,960*, unless otherwise mutually agreed upon by the parties. For clarity, the following Amendment exclusively applies to the Restricted Stock Agreement specified on the next page.* |
| **No Assurances of Repurchase of Vested Shares** | *LMNT does not guarantee that it will repurchase the Vested Shares. Any decision as to whether LMNT will exercise its repurchase option shall be based on a number of factors, including, but not limited to, LMNT's cash-flows, business performance, compliance with loan covenants, reason for your departure and whether any provisions of agreements between LMNT and you, including the Restrictions Agreement and Non-Competition Agreement (if applicable), have been breached by you.* |

DS
JAS

**AMENDMENT**
**TO RESTRICTED STOCK AWARD AGREEMENT**

This Amendment to the Restricted Stock Award Agreement (this "***Amendment***"), dated 6/23/2024, between Drink LMNT, Inc., a Delaware corporation (the "***Company***") and Joshua Aaron Shropa (the "***Grantee***") is being entered into to amend the Restricted Stock Award Agreement executed by the Company and Grantee, dated 02/28/22 (the "***Restricted Stock Award Agreement***") to add an additional provision regarding the Company's ability to repurchase vested shares awarded under the Restricted Stock Award Agreement upon a termination of Grantee's Continuous Service Status with the Company. All other terms of the Restricted Stock Award Agreement, and the Company's Company Stock Plan (the "***Plan***"), shall remain in full force and effect. Capitalized terms used herein but which are not defined shall have the same meaning ascribed to them in the Restricted Stock Award Agreement, or in the Plan, if applicable.

1. A new Paragraph 3(h) shall be added to the Restricted Stock Award Agreement and shall read as follows:

"(h) **Repurchase of Vested Shares**.

(i) In the event of the voluntary or involuntary termination of Grantee's Continuous Service Status for any reason (including, without limitation, resignation, death or Disability), other than for Cause, and subject to the provisions of Section 3(h)(iii) herein, the Company shall upon the Termination Date, and for all time periods thereafter, have an irrevocable, exclusive option to repurchase all of the Vested Shares (as defined below) held by Grantee as of the Termination Date at a price for the Shares as determined in good faith by the Company, which in no event shall be at a total aggregate payment amount of less than $1,449,960.00, unless otherwise mutually agreed upon by the parties. The Company, at its sole discretion, may condition such repurchase upon Grantee entering into a Separation Agreement (if applicable) with the Company covering, among other things, providing a release to the Company and agreeing to certain restrictive covenants. Additionally, this repurchase option shall not be construed as providing a guarantee by the Company that it will repurchase the Vested Shares from the Grantee. Any decision as to whether the Company will exercise its repurchase option for all Vested Shares shall be based on a number of factors, including, but not limited to, the Company's cash-flows, business performance, compliance with loan covenants, reason for Grantee's departure and whether any provisions of agreements between the Company and Grantee, including the Restrictions Agreement and Non-Competition Agreement (if applicable), have been breached by Grantee. As used in this Agreement, "Vested Shares" means Shares, if any, that have been released from the Repurchase Option.

(ii) In the event of termination of Grantee's Continuous Service Status for Cause, and subject to the provisions of Section 3(h)(iii) herein, the Company shall upon the Termination Date have an irrevocable, exclusive option for a period of one hundred eighty (180) days from such date to repurchase all or any portion of the Vested Shares (as defined above) held by Grantee as of the Termination Date at the original Purchase Price Per Share (adjusted for any stock splits, stock dividends and the like) specified in Section 1.

(iii) Notwithstanding the provisions in this Section 3(h), in the event of an actual or threatened violation by Grantee of any material agreement between the Company and Grantee, including, but not limited to, a Confidential Information, Invention Assignment and Non-Solicitation and Non-Hire Agreement, or a Non-Competition Agreement, the Company shall upon the date of being notified of such actual or threatened violation have an irrevocable, exclusive option for a period of one hundred eighty (180) days from such date to repurchase all or any portion of the Vested Shares held by Grantee at the original Purchase Price Per Share (adjusted for any stock splits, stock dividends and the like) specified in Section 1."

*****

IN WITNESS WHEREOF, the Company and Grantee have caused this Amendment to be executed and delivered as of 6/23/2024.

THE COMPANY:

DRINK LMNT, INC.

By: DocuSigned by: James Murphy
72BDDD7D22034C5...

Name: James Murphy
Title: CEO and Co-Founder

Address: 1150 Central Ave
Naples, FL 34102

GRANTEE:

Joshua Aaron Shropa
(Print Name)

DocuSigned by: Joshua Aaron Shropa
6973E7B4F3CC4CE...
(Signature)

Address:

4719 Cole Avenue #402
Dallas, TX 75205