**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSHUA SHROPA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-CV-3226-B** |
| | § | |
| **DRINK LMNT, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT DRINK LMNT, INC.'S RESPONSE TO PLAINTIFF JOSHUA SHROPA'S**
**MOTION TO COMPEL AND BRIEF IN SUPPORT**

Defendant Drink LMNT, Inc. ("LMNT") files this response to Plaintiff Joshua Shropa's Motion to Compel and Brief in Support and in support thereof states as follows:

## I.    INTRODUCTION

On January 13, 2026, Plaintiff served thirty, wide ranging and irrelevant requests for production (the "Requests") in an attempt to conduct a fishing expedition into LMNT's finances. At the time the Requests were served, Plaintiff had a single, narrow declaratory judgment cause of action requesting the Court issue a declaratory judgment on the value of Plaintiffs' shares in LMNT. Even though Plaintiff has expanded his claims in his Amended Complaint, the Requests extend well beyond the scope of permitted discovery under Rule 26 of the Federal Rules of Civil Procedure. Accordingly, this Court should deny Plaintiff's motion to compel and require Plaintiff to tailor his discovery to the claims in his Amended Complaint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

LMNT manufactures and sells a zero-sugar electrolyte drink mix and canned beverage formulated to enhance hydration. Its target market includes athletes, leisure sport participants, and individuals following low-carb or keto diets.

Shropa began working for LMNT in January of 2022 as its Director of Finance, FP&A. In 2025, Shropa became Director of Finance and Supply Chain, whereby he was the senior financial representative of LMNT and oversaw all the LMNT's production and logistics activities. As a condition to his employment, Shropa signed a Confidential Information, Invention Assignment & Non-Solicitation and Non-Hire Agreement (the "Confidentiality Agreement"). Pursuant to sections 4(a)–(b) of the Confidentiality Agreement, Shropa agreed to refrain from disclosing any information not generally known or available outside of LMNT.

During his employment, Shropa received two awards of Restricted Stock Units ("RSUs" or "Shares") from LMNT. The terms and conditions of Shropa's equity awards are set forth in the Drink LMNT, Inc. Company Stock Plan Restricted Stock Award Agreement dated February 28, 2022 (the "2022 RSU Agreement"), *see* Dkt. No. 17-1, and the Drink LMNT, Inc. Company Stock Plan Restricted Stock Award Agreement dated September 5, 2023 (the "2023 RSU Agreement"), *see* Dkt. No. 17-2. On June 23, 2024, LMNT and Shropa also entered into Amendments to the 2022 and 2023 RSU Agreements (the "Amendments") (Dkt. No. 17-3) that established a floor amount for any repurchase of Shropa's vested RSUs (collectively, the 2022 and 2023 RSU Agreements and Amendments are referred hereinafter to as the "Agreements"). Pursuant to the Amendments, LMNT has the right to repurchase all of Shropa's Shares at any time after the date of his termination at a price for the Shares as determined in good faith by LMNT. *See* Dkt. No. 17-3 ¶ 3(h)(i). However, in the event of Shropa's breach or threatened breach of the Confidentiality Agreement or any other material agreement with LMNT, the Amendments provide LMNT with the right to repurchase Shropa's Shares at their original purchase price of $0.00 per share.

On September 26, 2025, LMNT terminated Shropa's employment.

On October 20, 2025, Shropa filed a lawsuit against LMNT in Dallas County District Court requesting that the Court valuate his Shares instead of LMNT. Shropa attached LMNT's proprietary information to the original petition as exhibits and submitted it to the public record without a protective order or attempting to file it under seal.

Shropa claimed neither the 2022 RSU Agreement, the 2023 RSU Agreement, the Amendments, nor LMNT's Company Stock Plan set forth a procedure or mechanism for determining the valuation of Shropa's Vested RSUs in connection with any proposed repurchase of the RSUs by LMNT.

On November 21, 2025, LMNT removed the lawsuit to this Court (the "Texas Lawsuit") and immediately moved for a protective order to protect further dissemination of LMNT's proprietary information.

On January 13, 2026, Shropa propounded his First Request for Production of Documents.

On February 10, 2026, Shropa filed a motion for leave seeking to amend his complaint in the Texas Lawsuit. The Court entered Shropa's Amended Complaint on February 12, 2026. Shropa's amended complaint includes a breach of contract claim related to LMNT's repurchase of Shropa's Shares at their original purchase price and an expanded declaratory judgment claim requesting this Court to declare: (1) the valuation, or method for valuation, of Shropa's now-repurchased shares; (2) LMNT only has a right to repurchase Shares granted to Shropa in the 2022 RSU Agreement and not the 2023 RSU Agreement; (3) Shropa has not breached any confidentiality or nondisclosure obligations to LMNT; and (4) LMNT has materially breached its obligations to Shropa under the Agreements. Dkt. No. 17, ¶¶ 37–40.

On February 17, 2026, LMNT served its Objections and Responses to Plaintiff's First Requests for Production.

On February 25, 2026, LMNT filed its Motion to Seal and for Leave to File Motion for Judgment on the Pleadings and Motion to Stay, and Appendix Under Seal. Dkt. No. 21.

Plaintiff filed his Motion to Compel on February 27, 2026.

### III.    APPLICABLE LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1) (emphasis added).

Although broad, "Rule 26(b), 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'" *Lopez v. State Farm Lloyds*, 348 F.R.D. 419, 422 (W.D. Tex. 2025) (citing *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)). "On a motion to compel, unless the relevancy of a discovery request is facially clear the movant (i.e., the party seeking discovery) must specifically articulate why the request is relevant to the claims or defenses in the case." *Lopez, 348 F.R.D. at 422* (citations omitted).

### IV.    ARGUMENT AND LEGAL AUTHORITIES

**A.  Plaintiff's Requests for Production are Wholly Irrelevant to Plaintiff's causes of action.**

  *a.  Requests related to LMNT's Financial Information (Requests Nos. 1–19, 27, 28, 30)*

As stated above, when Plaintiff first served the Requests, Plaintiff had one discreet and narrow declaratory action requesting that the Court declare the valuation, or method for valuation, of Shropa's now-repurchased shares. Instead of narrowly tailoring the Requests to documents and information relevant to his claim, Plaintiff is attempting to use discovery as an opportunity to

conduct a fishing expedition into LMNT's finances. Requests Nos. 1–19, 27, 28, 30 all request financial information well beyond what is required for Plaintiff to prosecute his claims and LMNT made specific objections to each of these irrelevant and overbroad requests. In addition, LMNT has moved for judgment on the pleadings regarding Plaintiff's declaratory judgment action seeking valuation because (1) there is no outstanding offer from LMNT to repurchase Plaintiff's shares and (2) LMNT has already repurchased the shares pursuant to applicable Amendments. Dkt. No. 21, Mot. Jdmt. Pleadings, Section IV(A). Thus, LMNT's finances have no bearing on this matter as the question of valuation is moot.

For example, Plaintiff's RFP No. 13 requests: "All of Drink LMNT, Inc.'s documents and tangible items associated with all loans to any employees, advisors or Board members from 2024, 2025 and 2026." *See* App. 011. Requests like this have nothing to do with Plaintiff's original declaratory judgment action, which is effectively moot, and do not serve a purpose other than forcing LMNT to expend resources searching for, reviewing, and producing irrelevant documents.

Even Plaintiff's expanded claims in his Amended Complaint do not require such a deep dive into LMNT's financial information. Shropa's Amended Complaint includes a breach of contract claim related to LMNT's repurchase of Shropa's Shares at their original purchase price and an expanded declaratory judgment claim requesting this Court to declare: (1) the valuation, or method for valuation, of Shropa's now-repurchased shares; (2) LMNT only has a right to repurchase Shares granted to Shropa in the 2022 RSU Agreement and not the 2023 RSU Agreement; (3) Shropa has not breached any confidentiality or nondisclosure obligations to LMNT; and (4) LMNT has materially breached its obligations to Shropa under the Agreements. Dkt. No. 17, ¶¶ 37–40.

However, as LMNT made clear in its objections, the RSU Agreements and Amendments govern both the conduct giving rise to Plaintiff's claims and Plaintiff's claims, generally. *See* App. 017–031 The RSU Agreements and the subsequent Amendments are unambiguous. It is a long-standing principle that when a contract is unambiguous courts "generally will not look beyond the four corners of the document." *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) (citing omitted); *see Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743 (Tex. 2020).

Through that lens, the financial information sought by Plaintiff, even relating to internal or outside valuation appraisal of LMNT's stock, has no relevance to this lawsuit and is not necessary to establish LMNT's or Plaintiff's rights and obligations under the unambiguous Agreements. Simply put, LMNT's financial documents are not discoverable because they are irrelevant and LMNT's objections specifically articulate how each request is not relevant. *See Baker v. Walters*, 652 F. Supp. 3d 768, 778 (N.D. Tex. 2023) ("In the Fifth Circuit, a party who opposes its opponent's request for production [must] show specifically how ... each [request] is not relevant."). In the Brief in Support of Shropa's Response in Opposition to Defendant's Motion to Seal, Shropa even acknowledges that Defendant's financial information, such as executive compensation scheme, does not have any relevance to the case. *See* Dkt. 28, 16. Shropa explains his "breach of contract claim does not pertain to executive compensation. Instead, Shropa's breach of contract claim is based on the Letter, through which Defendant purported to 'repurchase' all of Shropa's Vested Shares." Dkt. 28, 16.

Anything outside of the Agreements' four corners, which set the valuation and repurchase terms, and the Letter, are not relevant to the case, especially considering LMNT's pending Motion for Judgment on the Pleadings. Dkt. 21.

b. *Other Requests for Information Unrelated to this Lawsuit (Requests Nos. 20–26, 29)*

Plaintiff's requests that are unrelated to LMNT's financial information are similarly irrelevant or request information prematurely.

Requests Nos. 20 and 21 request documents and information that LMNT has not yet contemplated. Specifically, Request No. 20 requests expert disclosures, and No. 21 requests evidence LMNT intends to introduce into evidence at trial. Both requests are premature, and LMNT responded that it will supplement with the relevant materials at the appropriate time pursuant to the Scheduling Order entered by this Court [Dkt. No. 8]. *See* App 013.

Requests Nos. 22, 24-26, and 29, like Plaintiff's request for LMNT's financial information, are entirely irrelevant to the claims in this lawsuit. Requests Nos. 22 and 24-26 are related to Plaintiff's job performance with LMNT. *See* App 013-014. However, Plaintiff's job performance is not an issue in this case or even mentioned in the Original or Amended Complaints filed by Plaintiff. *See* Dkt. No. 17. This is another example of Plaintiff attempting to obtain as much of LMNT's confidential information without thought to its relevance to the disputes before the Court.

While unrelated to Plaintiff's job performance, Request No. 29 is similarly irrelevant. Request No. 29 requests every page of LMNT's website and social media. Again, Plaintiff has no basis for why this information is relevant to his claims. It is simply one of many overbroad and irrelevant requests seeking documents and information that are not relevant to this lawsuit.

Accordingly, this Court should deny Plaintiff's Motion to Compel and require Plaintiff to tailor his requests to the claims at issue in this lawsuit.

## V.    PRAYER

WHEREFORE, Defendant Drink LMNT, Inc. respectfully requests that the Court deny Plaintiff Joshua Shropa's motion to compel and grant such other and further relief to which it may be justly entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Sydnie A. Shimkus*

Jay M. Wallace
State Bar No. 20769200
jwallace@bellnunnally.com
Sydnie A. Shimkus
State Bar No. 24093783
sshimkus@bellnunnally.com
Brandon N. Stephens
State Bar No. 24132005
bstephens@bellnunnally.com
Giuliana Hays-Angelelli
State Bar. No. 24149063
ghays-angelelli@bellnunnally.com

2323 Ross Avenue, Suite 1900
Dallas, TX 75201
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

and

**GOODWIN PROCTER LLP**

By: */s/ Timothy Holahan*

Timothy Holahan
MA State Bar No. 672760, *admitted pro hac vice*
THolahan@goodwinlaw.com

100 Northern Avenue
Boston, MA 02210
(617) 570-1673 – Telephone

***Counsel for* Drink LMNT, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was served on all parties of record on March 20, 2026 pursuant to the Federal Rules of Civil Procedure.

*/s/ Sydnie A. Shimkus*
Sydnie A. Shimkus
