**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSHUA SHROPA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-CV-3226-B** |
| | § | |
| **DRINK LMNT, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT DRINK LMNT, INC.'S MOTION FOR LEAVE**
**TO CONSIDER ITS DISCOVERY RESPONSES TIMELY**

Defendant Drink LMNT, Inc. ("LMNT") respectfully files this motion for leave for its discovery responses to be considered timely and would respectfully show this Court as follows:

### I.   INTRODUCTION AND PROCEDURAL HISTORY

After **two business day delay** in receiving LMNT's objections and responses to Plaintiff's Requests for Production, Plaintiff has attempted to get the Court to find that LMNT has waived its objections in their entirety. *See* Dkt. No. 36. Plaintiff is attempting to do so even though the delayed objections have not caused Plaintiff prejudice, nor has he claimed that they have.

Plaintiff served LMNT with Requests for Production on Tuesday, January 13, 2026. LMNT's deadline to respond and serve its objections was Thursday, February 12, 2026. Due to an internal calendaring oversight—compounded by the intervening Presidents Day federal holiday observed on Monday, February 16, 2026—LMNT served its objections and responses on Tuesday, February 17, 2026, two business days after the deadline. Upon immediately recognizing this oversight, Defendant's counsel, Sydnie Shimkus, promptly reached out to Plaintiff's counsel, Bruce Rothstein, requesting that the objections and discovery responses be considered timely served and explaining the internal oversight. Despite this good-faith effort to resolve the matter

**MOTION FOR LEAVE TO CONSIDER DISCOVERY RESPONSES TIMELY**                    **PAGE 1**

informally and the minimal nature of the delay, Mr. Rothstein refused Ms. Shimkus's reasonable request. Rather than addressing this minor procedural issue cooperatively, Plaintiff has instead used the opportunity to repeatedly criticize LMNT in subsequent filings. Accordingly, this Court should consider Plaintiff's discovery objections and responses timely.

## II.    ARGUMENT AND AUTHORITIES

While it is appropriate for a Court to find that a party's objections to discovery are waived if the party files untimely objections, the Court also has the discretion to "find[] good cause and excuse[] [that] failure." *Evanston Ins. Co. v. McDonnell Coates LLP*, No. 3:20-CV-0770-D, 2021 WL 2400992, at *3 (N.D. Tex. June 11, 2021).

"In deciding whether good cause exists, courts consider (1) the length of the delay in failing to object; (2) the reason for the delay; (3) whether there was any bad faith or dilatory action of the party that failed to object; (4) whether the party seeking discovery was prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party." *Baker v. Walters*, 652 F. Supp. 3d 768, 776 (N.D. Tex. 2023); *Evanston,* 2021 WL 2400992, at *3.

### 1.  LMNT served objections two business days late.

As stated above, LMNT served objections two business days late. Defendant's counsel believed that they had timely served the objections and responses on their deadline of February 13th, and immediately upon discovering the oversight, Defendant's counsel served the objections and responses, which had already been drafted, and contacted Plaintiff's counsel to address the matter. Further, the Presidents Day federal holiday, created additional delay as Defendant's counsel did not realize until returning from the holiday, on Tuesday, February 17, 2026, that the

objections and responses had not been served.  A two business day delay under these circumstances weighs in favor of the Court excusing LMNT's late served objections and responses.

### 2.  LMNT's counsel had a miscommunication causing the delay.

As stated above, it is as simple as an internal miscommunication within defense counsel's office that caused the oversight and accompanying delay. While some members of LMNT's defense team believed the objections and responses had been served, other team members thought that additional confirmation from LMNT was needed before serving the responses. This type of internal coordination error is an unfortunate but well-recognized occurrence in complex litigation involving multiple attorneys and support staff across several offices. The miscommunication was an honest mistake and not deliberate delay. Accordingly, this factor weighs in favor of the Court excusing LMNT's late served objections and responses.

### 3.  LMNT and its Counsel did not act in bad faith.

There was no bad faith or dilatory conduct on behalf of LMNT or its counsel. On the contrary, LMNT's conduct demonstrates the good faith effort that courts encourage in resolving discovery disputes. Immediately upon discovering that objections and responses had not been served timely, LMNT's counsel: (1) served the objections and responses without further delay; (2) promptly contacted Plaintiff's counsel to acknowledge the oversight; and (3) requested that the objections be considered timely served in the spirit of professional cooperation. Rather than engaging in cooperation, Plaintiff's counsel refused this reasonable request. LMNT and its counsel have not sought to hide the ball, delay the litigation, or otherwise act in bad faith—they simply

made a minor clerical error and took immediate steps to cure it. Accordingly, this factor weighs in favor of the Court excusing LMNT's delay.

### 4. Plaintiff did not suffer prejudice.

As previously stated, Plaintiff has not suffered prejudice from the two business day delay. Here, Defendant served what it believes to be complete discovery responses, including all objections, within two business days of the deadline. The brief delay did not affect any court deadlines, did not impair Plaintiff's ability to prepare his case, and did not cause any harm to the litigation. Plaintiff's pending motion to compel addresses the overarching dispute between the parties, with or without the discovery responses, regarding whether factors or analysis beyond the four corners of the parties' unambiguous agreements are relevant to the price determination of Plaintiff's shares with Defendant. Receiving Defendant's delayed responses, which embrace its consistent position that information beyond the four corners of the parties' agreement is not relevant, caused Plaintiff no prejudice. When there is no showing of prejudice, this factor weighs strongly in favor of excusing the delayed objections.

### 5. The discovery requests were irrelevant and burdensome

As briefed extensively in LMNT's response to Plaintiff's motion to compel [Dkt. No. 31], Plaintiff's discovery requests are largely improper, overbroad, and seek irrelevant information. Plaintiff is attempting to use discovery as an opportunity to conduct a fishing expedition into LMNT's confidential financial information—information that has no bearing on the claims or defenses in this case. LMNT made specific, well-founded objections to each of these irrelevant and overbroad requests. The reasonableness of these objections is supported by Federal Rule of Civil Procedure, which limits discovery to matters "relevant to any party's claim or defense and proportional to the needs of the case." *See* FED. R. CIV. P. 26. Plaintiff's overreaching discovery

requests further support LMNT's position that its objections—served just two days late—should be considered and ruled upon on their merits, not procedurally waived due to a short delay.

### 6. Waiving Defendant's objections would be excessively harsh.

Waiving Defendant's objections would impose an excessively harsh and disproportionate result. As detailed above and briefed in LMNT's response to Plaintiff's motion to compel [Dkt. No. 31], LMNT has substantial, legitimate grounds to object to Plaintiff's improper and overbroad requests for confidential financial information. Waiver would force LMNT to produce highly sensitive business information that is irrelevant to the merits of this case—causing significant competitive and commercial harm—all because of a two-day administrative delay. The sanction of complete waiver should be reserved for cases involving substantial delays, bad faith conduct, or prejudice to the opposing party—none of which exist here. *See Baker,* 652 F. Supp. 3d 768, 775 (N.D. Tex. 2023) (finding that a 29-day delay in serving objections waived the party's objections).

### III.    CONCLUSION

All six factors weigh decisively in LMNT's favor: (1) the delay was minimal; (2) it resulted from an internal miscommunication error; (3) LMNT acted promptly and in good faith to cure the mistake; (4) Plaintiff suffered no prejudice; (5) the underlying discovery requests are largely improper; and (6) waiver would impose an excessively harsh penalty. Accordingly, this Court should exercise its discretion to consider LMNT's objections and responses timely served and deny any motion premised their waiver.

### IV.    PRAYER

WHEREFORE, Defendant Drink LMNT, Inc. respectfully requests that the Court grant its Motion for Leave to Consider its Discovery Responses Timely,  and grant such other and further relief to which it may be justly entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Sydnie A. Shimkus*

Jay M. Wallace
State Bar No. 20769200
jwallace@bellnunnally.com
Sydnie A. Shimkus
State Bar No. 24093783
sshimkus@bellnunnally.com
Brandon N. Stephens
State Bar No. 24132005
bstephens@bellnunnally.com
Giuliana Hays-Angelelli
State Bar. No. 24149063
ghaysangelelli@bellnunnally.com

2323 Ross Avenue, Suite 1900
Dallas, TX 75201
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile


And


**GOODWIN PROCTER LLP**

By: */s/ Timothy Holahan*

Timothy Holahan
MA State Bar No. 672760, *admitted pro hac vice*
THolahan@goodwinlaw.com

100 Northern Avenue
Boston, MA 02210
(617) 570-1673 – Telephone


***Counsel for* Drink LMNT, Inc.**

## CERTIFICATE OF CONFERENCE

This is to certify that I conferred with counsel for Plaintiff on April 15, 2026 regarding the relief sought in this Motion, and Plaintiff opposes this Motion to Leave.

/s/ Sydnie A. Shimkus
Sydnie A. Shimkus

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all parties of record on April 15, 2026 pursuant to the Federal Rules of Civil Procedure.

/s/ Sydnie A. Shimkus
Sydnie A. Shimkus