**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSHUA SHROPA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-cv-03226-B** |
| | § | |
| **DRINK LMNT, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE TO CONSIDER ITS DISCOVERY RESPONSES TIMELY**

Plaintiff Joshua Shropa ("Shropa") files this Response to Defendant Drink LMNT, Inc.'s ("Defendant") Motion for Leave to Consider its Discovery Responses Timely (Dkt. 39) (Defendant's "Motion") and would respectfully show the Court as follows:

**SUMMARY OF ARGUMENT**

1.      Defendant served its objections to Shropa's First Set of Requests for Production ("RFPs") two (2) business days late. Also, Defendant did not agree to produce any documents, notwithstanding this Court's Protective Order permitting Defendant to produce allegedly confidential documents with protection against unauthorized or public disclosure. Defendant did not ask Shropa's counsel for an extension of time prior to serving Defendant's untimely objections. Further, Defendant waited two (2) months after serving these objections before filing this Motion. Defendant provides no explanation for this delay in filing its Motion. Defendant's objections are entirely invalid, and therefore there is no basis for this Court to deem Defendant's objections timely.

2.      Defendant's Motion is another example of its delay tactics and refusal to cooperate. Defendant claims a failure of internal communications caused its untimely objections. This

1

argument, even if true, does not justify Defendant's refusal to produce any documents. Defendant is improperly using this Motion to justify its refusal to comply with its discovery obligations under Fed. R. Civ. P. 26. This Court, therefore, should deny Defendant's Motion.

## ARGUMENT AND AUTHORITIES

3.    Defendant's Motion relies on *Baker v. Walters*, 652 F. Supp. 3d 768 (N.D. Tex. 2023). This decision by Magistrate Judge Horan demonstrates that Defendant's Motion should be denied. In *Baker*, the court granted the motion to compel filed by the plaintiffs, who were prospective purchasers of a home, against the defendant home vendors. The defendants filed their objections twenty-nine (29) days late. The court overruled all of the defendants' objections of (i) irrelevant, (ii) overbroad, (iii) vague, (iv) ambiguous, and (v) undue burden. The court also ruled the vendors did not make a reasonable inquiry or exercise due diligence in their response to the plaintiffs' discovery.

4.    The court identified the following six (6) factors a court should consider in determining whether good cause exists to excuse failure of a party to timely object to requests for production: (1) the length of the delay in failing to object; (2) the reason for the delay; (3) whether there was any bad faith or dilatory action of the party that failed to object; (4) whether the party seeking discovery was prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party. *Id*. at 776.

5.    The court, however, did not evaluate these six (6) factors, because the court granted the plaintiffs' motion to compel and overruled all the defendants' objections. The court ruled that the defendants had to produce all responsive documents, with the exception of their privileged documents. As such, an evaluation of these six (6) factors was not necessary. *Id*.

2

6.      The *Baker* court's ruling directly applies to this case. Defendant's late objections in this case are all invalid and do not support Defendant's refusal to produce any documents in response to Shropa's RFPs. Further, Defendant did not request an extension of time from Shropa's counsel for filing its objections. Defendant untimely served fifteen (15) pages of objections, but Defendant admitted it has responsive documents it withheld from production. Defendant served: (1) "Objections to Instructions and Definitions" which are not particularized and do not correlate to Shropa's RFPs. These objections merely claim, without any factual or evidentiary support, that Defendant's non-production is justified under Fed. R. Civ. P. 26 and 34; and (2) objections to each of Shropa's RFPs, asserting Defendant's financial information is: (1) irrelevant, because Defendant claims it has the unilateral right to value Shropa's vested stock shares in Defendant's "sole discretion;" (2) unduly burdensome and will cause unnecessary expense; and (3) shielded from discovery as allegedly confidential and proprietary. Defendant ignores this Court's Protective Order, which is intended to protect from further disclosure any alleged confidential and proprietary documents. Defendant also asserted attorney-client and attorney work product privileges, but Defendant did not produce a privilege log or otherwise comply with federal law's requirements for identifying privileged documents under Fed. R. Civ. P. 26(b)(5)(A), which is: "When a party withholds information otherwise discoverable by claiming that the information is privileged …, the party must:  (i) expressly make the claim; (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Baker*, 652 F. Supp. 3d 768, 776 (N.D. Tex. 2023); *citing* Rule 26(b)(5)(A); *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014).

7.      Defendant objected to producing even the most fundamental documents, which are: (1) the recent opinion of a third-party appraiser regarding the fair market value of Defendant's stock, provided to Defendant shortly before Shropa filed this lawsuit (Request for Production Nos. 2-5); (2) Shropa's personnel or employee file, and job performance evaluations (Request for Production Nos. 25 & 26); (3) the contents of Defendant's website and social media accounts (Request for Production No. 29); (4) Defendant's Employee Handbook (Request for Production No. 24); and (5) documents supporting Defendant's contention that it had the unilateral right to purchase Shropa's vested shares for $0.00 (Request for Production No. 30).

8.      In *In Re: Xiaomi Technology Netherlands B.V.*, No. 4:25-mc-13, 2025 WL 3068736 (E.D. Tex. 2025), Judge Mazzant considered the plaintiff's, Xiaomi's, motion to compel discovery in a patent dispute. The court ruled the "party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Id*. at *2 (Westlaw pagination). Federal law prohibits boilerplate objections. *Id*. A party resisting discovery by claiming "overbroad, unduly burdensome, and disproportional to the needs of this case," has the affirmative burden to prove "undue burden and lack or proportionality." *Id*. at 3. The objecting party must explain "the nature and extent of the burden and the consequences of compliance" with "evidentiary support." *Id*. at 3. The court discussed ten of Xiaomi's requests for production, ruling that almost all of these requests were not facially overbroad, but the court narrowed request no. 4, ruling that the phrase "at least" rendered that request facially overbroad. Otherwise, Judge Mazzant overruled the defendant's objections.

9.      In *Tran v. GLG Truck Lines, Inc.*, Civil Action No. 1:24-cv-94; 2025 WL 1919819 (E.D. Tex. 2025), the district court granted the plaintiff's motion to compel, ruling the "discovery rules are to be accorded a broad and liberal treatment to affect their purpose of adequately informing the

litigants in a civil case." *Id*. at *2 (Westlaw pagination), *citing Herbert v. Lando*, 441 U.S. 153, 177 (1979). The court overruled Amazon's "boilerplate" or general objections, as well as Amazon's objections of (1) mischaracterizes the case's factual evidence, (2) vagueness, (3) nonsensibility, (4) undue burden, and (5) seeking discovery prematurely regarding experts. *Id*. at *3-5. The court ordered Amazon to "respond fully" to the plaintiff's requests for production and most of plaintiff's interrogatories. *Id*. at 6. *See also Baker v. Walters*, 652 F.Supp.3d 768, 779-781 (N.D. Dallas 2023) ("'In the Fifth Circuit, a party who opposes its opponent's request for production [must] show specifically how … each [request] is not relevant." The defendants did not meet their burden to prove their objections of overly broad or unduly burdensome, "by submitting affidavits or offering evidence revealing the nature of the burden [allegedly caused by the requests being overly broad and unduly burdensome].").

10.     Based on these court rulings, Defendant's voluminous objections to all of Shropa's RFPs, and its refusal to produce any documents makes a detailed evaluation of the six (6) factors pertaining to Defendant's untimeliness irrelevant, because federal courts overrule these types of obstructionist objections, and require a defendant to produce all the responsive documents. *Baker v. Walters*, 652 F. Supp. 3d at 776. *See also Sterns v. CitiMortgage, Inc.*, 349 F.R.D. 620, 624-25 (N.D. Tex. 2025) (Magistrate Judge Horan).   Further, Defendant did not demonstrate any exceptional or extraordinary circumstances to justify Defendant serving its objections untimely.

11.     In an abundance of caution, however, Shropa shall address the six (6) factors pertaining to permitting late-filed objections.

**1)     Defendant served its objections two (2) business days late, and Defendant waited two (2) months to file this Motion.**

12.     Defendant argues its two (2) day delay in serving its objections was due to defense counsel misunderstanding the deadline. This argument does not justify granting Defendant's Motion,

because Defendant did not produce any documents. Defendant's refusal to produce any responsive documents, including the recent appraisal from a third party providing an opinion regarding the value of Defendant's stock, which is directly on point to the issues in this case, does not justify Defendant's argument that its failure to timely object was based on inadvertence.

13.    Defendant asserts it discussed its late filing of objections with Shropa's attorneys. This is partially correct. Shropa's Motion to Compel provides in its Certificate of Conference as follows:

> I hereby certify that on February 19, 2026, I conferred by telephone with Sydnie Shimkus, one of Defendant's counsel in this case, regarding Defendant's responses and objections to Plaintiff's Request for Production of documents. She confirmed that Defendant objected in their entirety to [all] of Plaintiff's Requests, that Defendant would produce no responsive documents, and that discussion of the particulars of Plaintiff's requests would not be productive. Accordingly, this Motion is submitted for determination by the Court.

Shropa's Motion to Compel, Certificate of Conference, provided by attorney Bruce Rothstein.

14.    The timeline of events supports the denial of Defendant's Motion. On January 13, 2026, Shropa served his RFPs. On February 17, 2026, Defendant served its voluminous objections to Shopra's RFPs. That same day, Plaintiff's counsel wrote to counsel for Defendant expressing disappointment that Defendant had objected to all of Plaintiff's requests, requesting a conference and noting (with reference to the issue of timeliness of service that "all rights and remedies are reserved. (See Exhibit A, email from Bruce Rothstein to Sydnie Shimkus dated February 17, 2026). On February 19, 2026, Plaintiff's and Defendant's counsel conferred, whereupon Defendant's counsel reaffirmed their objections and refusal to produce any documents. On February 27, 2026, Shropa filed his Motion to Compel. Defendant did not file this Motion until April 15, 2026. Defendant does not explain why it delayed sixty-seven (67) days, or more than two (2) months, in filing this Motion regarding its untimely objections, does not explain why Defendant failed to address these issues in its response to Plaintiff's MTC and does not explain

6

why it waited another thirteen (13) days after Plaintiff's reply on its MTC to file this motion. These delays are excessive and unjustifiable, particularly in light of Defendant's refusal to produce any documents.

**2)      Defendant's miscommunications, if any, do not justify its untimeliness and its refusal to produce any documents.**

15.      Defendant next argues that its internal miscommunications, if any, justified its delay in filing its objections. Defendant does not explain, however, how its miscommunications caused Defendant's subsequent delays in filing this Motion. Further, Defendant's internal miscommunications do not justify its refusal to produce any responsive documents.

**3)      Defendant acted in bad faith by refusing to produce any responsive documents.**

16.      Defendant acted in bad faith by both (i) its refusal to produce any responsive documents, and (ii) its delays in both addressing the issues in this Motion, and in filing its Motion.  This case is not one where Defendant produced many responsive documents, and Defendant seeks to shield a few documents from discovery based on two (2) day late-filed objections.  In this situation, Defendant cannot claim it acted in good faith.

17.      Respectfully, Defendant's argument is insincere. Defendant argued it acted in a "good faith effort that courts encourage in resolving discovery disputes." Defendant's Motion, p. 3. This argument fails, because the conference between the attorneys for Shropa and Defendant demonstrated Defendant's objections are not particularized and are intended only to justify its refusal to produce any documents. Defendant also asserted:

> "Immediately upon discovering that objections and responses had not been served timely, LMNT's counsel: (1) served the objections and responses without further delay; (2) promptly contacted Plaintiff's counsel to acknowledge the oversight; and (3) requested that the objections be considered timely served in the spirit of professional cooperation. Rather than engaging in cooperation, Plaintiff's counsel refused this reasonable request. LMNT and its counsel have not sought to hide the ball, delay the litigation, or otherwise act in bad faith—they simply made a minor

clerical error and took immediate steps to cure it. Accordingly, this factor weighs in favor of the Court excusing LMNT's delay." Defendant's Motion, p. 3.

18.     This argument once again ignores both Defendant's delays and that Defendant produced no documents. Defendant's conduct cannot be described as good faith.

**4)      Shropa would be prejudiced if this Court accepted Defendant's untimely objections.**

19.     Defendant's Motion is another effort to avoid producing documents in response to Shropa's RFPs. Defendant's Motion is a cynical method for Defendant to avoid all its discovery responsibilities under Fed. R. Civ. P. 26. Given Defendant's adamant refusal to produce any documents, Shropa would be severely prejudiced if this Court granted Defendant's Motion and accepted its untimely objections, unless this Court also rules that all of Defendant's objections are invalid and overruled, as the court ruled in *Baker v. Walters*, 652 F. Supp. 3d 768 (N.D. Tex. 2023).

20.     Defendant next argues that it "served what it believes to be complete discovery responses, including all objections, within two business days of the deadline. The brief delay did not affect any court deadlines, did not impair Plaintiff's ability to prepare his case, and did not cause any harm to the litigation." Defendant's Motion, p. 4. Defendant did not serve "complete discovery responses," because Defendant served unparticularized objections, failing to explain the alleged burden of compliance with the Requests, and ultimately, did not produce any documents. Further, Defendant's actions have severely impacted this Court's deadlines and hampered Shropa's ability to prepare his case. Shropa had to obtain an extension of time to prepare and file his expert disclosures, because Defendant did not produce any responsive documents to Shropa's RFPs. Thus, there were no documents pertaining to Shropa's damage claims for an expert to analyze. Defendant's conduct prejudiced Shropa by directly interfering with this Court's deadlines, and impairing Shropa's ability to timely prepare his case. Shropa would be further prejudiced if this Court permitted the late filing of Defendant's objections to Shropa's RFPs.

**5)  Shropa's RFPs are relevant, not burdensome, and proportional to the issues in this case.**

21.    As briefed in Shropa's Motion to Compel, Shropa's RFPs are all relevant, not burdensome, and proportional to the issues in this case. Defendant argues that it did not produce any documents in response to any of Shropa's RFPs, because "Plaintiff is attempting to use discovery as an opportunity to conduct a fishing expedition into LMNT's confidential financial information—information that has no bearing on the claims or defenses in this case." Defendant's Motion, p. 4. This argument is disingenuous. This Court's Protective Order dated January 22, 2026, shields any allegedly confidential documents from unauthorized or public disclosure. Further, Defendant's financial information is necessary for Shropa to determine the value of Shropa's vested stock shares. Defendant refused to utilize this Court's Protective Order. Defendant's Motion does not explain why this Court's Protective Order is inadequate to address Defendant's concerns regarding allegedly confidential information in its documents.

22.    Shropa's RFPs seek documents necessary for determining the fair market value of Defendant's stock and therefore the value of Shropa's vested stock shares. Defendant's refusal to produce any responsive documents, including Defendant's refusal to produce any of Defendant's financial information and its third-party appraisal of the value of Defendant's stock, as well as Defendant's refusal to utilize this Court's Protective Order, renders all of Defendant's arguments disingenuous, if not deceptive.

**6)  The denial of Defendant's Motion would not be harsh, because Defendant's objections are invalid, and Defendant refused to produce any responsive documents to Shropa's RFPs.**

23.    The denial of Defendant's Motion would not produce a harsh or disproportionate result. Defendant's objections are entirely invalid and should be overruled, pursuant to all of the case authority cited *supra*. Since all of Defendant's objections are invalid and should be overruled, it

is not harsh or oppressive to deny Defendant's Motion.  On the contrary, it would be unduly harsh and oppressive for this Court to grant Defendant's Motion and permit Defendant's objections to act as a shield to justify Defendant's refusal to produce any documents, because Shropa cannot adequately prepare his case without the responsive documents. Defendant wholly failed to satisfy its burden to sustain its objections, even if those objections had been timely filed. *In Re: Xiaomi,* 2025 WL 3068736 (E.D. Tex. 2025); *Sterns,* 349 F.R.D. at 624-25.

24.     Defendant's final argument is that denying Defendant's Motion "would force [Defendant] to produce highly sensitive business information that is irrelevant to the merits of this case— causing significant competitive and commercial harm—all because of a two-day administrative delay." Defendant's Motion, p. 5. Once again, Defendant ignores that it can produce its responsive documents containing any confidential information pursuant to this Court's Protective Order. It is inexplicable that Defendant refuses to acknowledge that this Protective Order protects Defendant from the public or unauthorized dissemination of its "highly sensitive business information," if any.

## CONCLUSION

25.     For the reasons set forth above, this Court should deny Defendant's Motion. Defendant's untimely objections are all invalid.  Defendant's refusal to produce any responsive documents is extreme, demonstrates bad faith, and does not support this Court permitting Defendant's untimely served objections. The reasoning of Judge Mazzant applies in this case: "Even when facing objectionable discovery requests, producing nothing (without at least providing a privilege log or moving for a protective order) is not an option." *Xiaomi*, 2025 WL 3068736, p. 8.

DATED: April 24, 2026.

Respectfully submitted,

/s/ Keith A. Clouse
**Keith A. Clouse**
State Bar No. 04410300
keith@clousebrown.com
**Bruce E. Rothstein**
State Bar No. 17319275
brothstein@clousebrown.com
**John S. Morgan**
State Bar No. 14447475
jmorgan@clousebrown.com

**CLOUSE BROWN PLLC**
4245 North Central Expressway, St. 350
Dallas, Texas 75205
Telephone: (214) 698-5100
Facsimile: (214) 481-8881

***ATTORNEYS FOR PLAINTIFF***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system on April 24, 2026.

/s/ Keith A. Clouse
**Keith A. Clouse**

11